Dear Mr. Weiss:
On behalf of the New Orleans Home Mortgage Authority, you have requested an opinion of this office regarding a particular investment made by the Authority, which investment shall be referred to herein as the "Fund".
Before turning to the issues raised by your request, I would like to reiterate herein our advice to you that it is beyond the purview of this office to examine a particular prospectus and/or the organizational documents of a particular fund, or to address the legality or advisability of a particular investment. As such, even though you included a Fund prospectus and agreement with your opinion request, we have not examined same. Furthermore, we feel compelled to state herein that every political subdivision should give consideration to its own unique investment needs in determining whether or not a particular investment is suitable, and should consult with its own attorney and/or financial advisor with regard thereto.
The first issue raised by your request is whether a political subdivision can invest in a mutual fund that invests in repurchase agreements involving U.S. Treasury obligations if the mutual fund is organized as a Massachusetts business trust. As you point out in your letter, LSA-R.S. 33:2955A(1)(c) authorizes political subdivisions to invest directly in direct security repurchase agreements of any federal book entry only security that meets the requirements of LSA-R.S. 33:2955A(1)(a) or (b). Furthermore, Atty. Gen. Op. No. 88-534 (A) determined that an investment in a mutual fund organized as a Massachusetts business trust is tantamount to a direct investment in the securities owned by the mutual fund, because a unitholder in a Massachusetts business trust ". . . owns an undivided beneficial interest in the underlying assets of the trust. . .". It is the opinion of this office that it is permissable for a political subdivision to invest in a mutual fund that invests in repurchase agreements involving U.S. Treasury obligations if the mutual fund is organized as a Massachusetts business trust.
The second issue raised by your request is whether a political subdivision may invest in a mutual fund that is organized as a Massachusetts business trust with more than one class of shares.
Specifically, you advise that each unit of beneficial interest represents an equal proportionate beneficial interest in the mutual fund, and that the only variance among the classes is in the amount of dividends payable to each class, based upon the fact that one class of shares is not subject to 12b-1 distribution fees. It appears that your question arises in light of language contained in Atty. Gen. Op. No. 88-546 (A), pertinently the following:
 "The trust is established as a Massachusetts business trust in which the trust instrument establishing the fund authorizes the issuance of an unlimited number of units of beneficial interest of a single class, each of which represents an equal proportionate beneficial interest in the assets of the trust." (Emphasis added).
In our opinion, a political subdivision may invest in a mutual fund properly organized as a Massachusetts business trust, as long as all classes of the mutual fund represent an equal proportionate interest in the assets of the mutual fund, the only distinction among the classes being the fact that 12b-1 fees are charged against the dividends of some, but not all classes of the trust.
We note that your request also referred to two other issues, which you have advised are now moot, obviating our need to answer same. We hope the foregoing is of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: __________________________ JEANNE-MARIE ZERINGUE BARHAM RPI:JMZB:jv